IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA DUNCANSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROYAL & SUNALLIANCE,<br><br>　　　　Defendant,<br>　　　　　　　　　　　　　　　　　/<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　Real Party In Interest.<br>　　　　　　　　　　　　　　　　　/ | No. C 10-02898 JSW<br><br>**ORDER REQUIRING RESPONSE** |

　　　　The Court has reviewed the parties' briefing on their cross-motions for summary judgment. Both parties request the Court to weigh the evidence, make credibility determinations and resolve questions of fact, which the Court cannot do on a motion for summary judgment. *See Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997) ("In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations. ..."). The parties treat this matter as though it were a bench trial. In fact, Defendants cite to Federal Rule of Civil Procedure 52(a) in their legal standard section. Accordingly, the Court directs the parties to meet and confer and determine whether the Court should treat the pending cross-motions for summary judgment as a bench trial. Moreover, if the Court were to treat the pending motions as a bench trial, the parties should inform the Court whether they agree to have the matter deemed submitted, with the exception of oral argument if

1 the Court deems necessary, or whether they wish to submit additional materials for
2 consideration by the Court in the bench trial.

3 The Court HEREBY VACATES the hearing currently set for July 29, 2011 on the
4 parties' cross-motions for summary judgment, and will reset the hearing in a later order if
5 necessary.  The parties shall meet and confer and file a joint letter by no later than July 27,
6 2011, advising the Court: (1) whether the parties agree to treat the pending cross-motions for
7 summary judgment as a bench trial; (2) if the Court were to treat the pending motions as a
8 bench trial, whether the parties agree to have the matter deemed submitted on the papers filed in
9 support of the cross-motions for summary judgment, with the exception of oral argument if the
10 Court deems necessary; and (3) if the parties want to the Court to treat the motions as a bench
11 trial and they seek to submit additional material for the Court's consideration, what materials
12 and by what date do they seek to file such materials.

13 **IT IS SO ORDERED.**

15 Dated: July 19, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE